## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSHUA W. SEYFARTH, )
)
Plaintiff, )
)
v. ) No. 4:18-cv-00805-JAR
)
OFFICER HAHN, et al., )
)
)
Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joshua W. Seyfarth for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims, as well as his claims against defendants St. Francois County, Jared Muhurin, and Sheriff Bullock. *See* 28 U.S.C. § 1915(e)(2)(B). However, the Court will direct the Clerk of Court to issue process upon defendants Officer Hahn and Unknown Officer in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided an inmate account statement in support of his motion to proceed in forma pauperis. However, he states that he has asked for his account balance numerous times but has not received a response. He has also provided a financial statement in which he asserts that he has no job, no source of income, and no assets. Taking all this into account, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or

2

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is currently an inmate at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Officer Hahn, Unknown Officer, Jared Muhurin, Sheriff Bullock, and St. Francois County. The defendants are sued in both their individual and official capacities.

3

On November 27, 2017, plaintiff states that he was at home sleeping. (Docket No. 1 at 4). At some point, his girlfriend's ex-boyfriend contacted law enforcement and informed them that plaintiff was "beating on" his girlfriend. Plaintiff insists this was not true. He states that he was asleep when law enforcement officers arrived and began banging on his door. The officers demanded that someone open the door. Nevertheless, when plaintiff woke up, he states that he got a cigarette and went out the backdoor to smoke.

When plaintiff walked down the steps outside his backdoor, Officer Hahn "was waiting for" him. He alleges that Officer Hahn hit him "numerous times" with his flashlight. His head "hit the back camper" and he blacked out. When he awoke, he states that two officers were standing over him, and one officer had his knee in plaintiff's back. Plaintiff states that he attempted to push himself up. In response, Officer Hahn and Unknown Officer "attempted to break [his] right arm." Next, both officers started beating him with their flashlights and stomping "all over" his body. Plaintiff states that the assault was so bad that he urinated and defecated all over himself.

Plaintiff's mother came out of the house and yelled at the officers to stop beating him. Officer Hahn and Unknown Officer pulled plaintiff up and handcuffed him. Plaintiff's girlfriend came out of the house and asked the officers what was going on. Plaintiff alleges that the officers told his girlfriend that she was in danger and they were "investigating." He states that his girlfriend asked the officers why they did not knock on the door and wait for someone to answer. Without answering the girlfriend's question, the officers placed plaintiff into their cruiser and took him to the St. Francois County Jail.

Plaintiff was charged with resisting arrest by prosecuting attorney Jared Muhurin. He alleges that Muhurin filed the charges "based on false police reports Hahn and the other officer

provided to the county." He asserts that no evidence existed to support the charges and they were subsequently dropped.

Plaintiff states that St. Francois County has a population of around 16,000 people, and that in the last "20 or 50 years" has become "notorious" due to its poorly trained officers. (Docket No. 1 at 3). He claims that officers often use excessive force against individuals conducting arrests, and that they make searches of homes, vehicles, and individuals without warrants, probable cause, or consent. (Docket No. 1 at 4). He also accuses St. Francois County law enforcement officers of fabricating police reports, coercing perjured testimony, and having "a longstanding custom of failing to investigate crimes thoroughly." He claims this custom has led to individuals being wrongfully accused. Furthermore, he states that these "policies and customs are so deeply embedded within the county that they often go unnoticed" by the county's citizens.

In his complaint, plaintiff asserts a number of claims. First, he contends that defendants Hahn and Unknown Officer: violated his Fourth Amendment rights by using excessive force and falsely arresting him; violated his substantive Due Process rights by using unnecessary force; and violated his Due Process rights by failing to provide him medical care for his injuries. (Docket No. 1 at 4-5). Plaintiff also asserts state law claims of assault and battery; false arrest; malicious prosecution; civil conspiracy; and intentional infliction of emotional distress. (Docket No. 1 at 5-6). Second, plaintiff claims that defendant Muhurin violated his substantive Due Process rights by using false police reports in an attempt to indict him by grand jury. (Docket No. 1 at 4). Third, plaintiff asserts a *Monell* claim against St. Francois County, alleging it has "a policy and/or custom of failing to train and supervise its officers on the use of excessive force." (Docket No. 1

5

at 6). Finally, plaintiff alleges that Sheriff Bullock is liable "because he became aware of what his officers were doing, but failed to take remedial action."

Plaintiff seeks a declaration that the acts and omissions of the defendants violated his constitutional rights. He also seeks a preliminary injunction enjoining St. Francois County from enforcing its "policy" of allowing its officers to use excessive force and fabricate or plant evidence. Lastly, plaintiff seeks total damages amounting to $1,200,100.

## Discussion

Plaintiff's complaint contains claims of excessive force, false arrest, deliberate indifference to medical needs, municipal liability, supervisor liability, and various state law causes of action. Having carefully reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court will dismiss plaintiff's claims against St. Francois County, as well as the official capacity claims of the remaining defendants. The Court will also dismiss the individual capacity claims against defendants Muhurin and Bullock, and the deliberate indifference to medical needs claims against defendants Hahn and Unknown Officer. Finally, the Court will direct the Clerk of Court to issue process upon defendants Hahn and Unknown Officer in their individual capacities.

### A. Defendant St. Francois County and Official Capacity Claims Against Defendants Hahn, Unknown Officer, Muhurin, and Bullock

Plaintiff's claims against defendant St. Francois County must be dismissed. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can prove municipal liability.

6

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible...for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To

do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint does not provide any factual allegations to support a municipal liability claim against St. Francois County. To begin, plaintiff has not provided any facts regarding an unconstitutional policy. As noted above, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin*, 829 F.3d at 700. Plaintiff points to no facts tending to show that a municipal official of St. Francois County has made a deliberate choice to institute an official policy that is either unconstitutional on its face or in its implementation. Instead, plaintiff relies on the following allegation: "Plaintiff brings a "Monell" claim against the County of Saint Francois...for having a 'policy' and/or 'custom' of failing to train and supervise its officers on the use of excessive force...failing to prevent its officers from planting/fabricating evidence against suspects, etc." (Docket No. 1 at 6). This statement does not state a claim that is plausible on its face. To the contrary, it merely recites the elements of a *Monell* claim, without any factual support. This type of pleading is insufficient. *See Hamilton v. Pain*, 621 F.3d 816, 817-18 (8th Cir. 2010) (stating that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice" to state a claim).

Next, plaintiff has not provided any factual allegations to support a contention that St. Francois County violated his constitutional rights due to an unofficial custom. In order to demonstrate that a municipality has an unofficial custom, plaintiff must show a widespread pattern of misconduct, that policymaking officials were deliberately indifferent to or tacitly authorized the misconduct, and that the custom was the driving force behind the constitutional

8

violation. *Johnson*, 725 F.3d at 828. Plaintiff does make sweeping conclusory statements to the effect that over the last "20 or 50 years," St. Francois County law enforcement has used excessive force, conducted unconstitutional searches, and planted evidence. He does not, however, make any specific allegations of widespread misconduct, nor does he make any allegations that county officials were aware of this misconduct and were either deliberately indifferent to or tacitly authorized such behavior. Rather, plaintiff relies on generalized contentions and a recitation of the elements of the cause of action he is trying to assert. This is insufficient to state a claim. *See Hamilton*, 621 F.3d at 817-18.

Last, plaintiff has not provided any facts to support his allegation that St. Francois County failed to train or supervise its officers. Plaintiff states that St. Francois County had a "'policy' and/or 'custom' of failing to train or supervise its officers," but does not provide any facts to bolster this assertion. Without factual support, plaintiff's allegation is nothing more than a conclusion, and not entitled to a presumption of truth for pleading purposes. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

In short, plaintiff has failed to state a claim against St. Francois County because his complaint does little more than restate the necessary components of a *Monell* action. His broad, generalized, and vague statements, coupled with his legal conclusions, do not give St. Francois County fair notice of the nature and basis for his claim. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or

9

grounds for a claim"). Accordingly, plaintiff's claims against defendant St. Francois County must be dismissed.

Likewise, plaintiff's official capacity claims against defendants Hahn, Unknown Officer, Muhurin, and Bullock must also be dismissed. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official...capacities sues only the public employer"). As noted above, a plaintiff can establish the liability of a governmental entity by demonstrating that an unconstitutional violation was the result of an official policy, an unofficial custom, or a deliberately indifferent failure to train. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

All the individual defendants are alleged to work for St. Francois County. As noted above, plaintiff has failed to demonstrate that St. Francois County had an unconstitutional official policy, unofficial custom, or was deliberately indifferent in failing to train or supervise its employees. Accordingly, plaintiff's official capacity claims against defendants Hahn, Unknown Officer, Muhurin, and Bullock must be dismissed.

10

## B. Defendant Bullock

Plaintiff's individual capacity claims against defendant Bullock must be dismissed. Vicarious liability is inapplicable to § 1983 suits. *Marsh*, 902 F.3d at 754. As such, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). *See also Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011) (stating that in order to maintain an action for training or supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury).

The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). *See also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts").

Plaintiff's sole reference to Sheriff Bullock in his complaint states that Bullock is liable "because he became aware of what his officers were doing, but failed to take remedial action." Clearly, plaintiff is not alleging that Sheriff Bullock directly participated in the alleged constitutional violation that affected him. In order to assert supervisor liability, he must show that Bullock received notice of a pattern of unconstitutional acts, and that he was deliberately

11

indifferent to those acts. Plaintiff's brief statement does not demonstrate either of these things. He does not indicate what Bullock became aware of, how he became aware of it, or when. He provides a conclusion without presenting the facts that lead there. As noted above, the Court is free to ignore legal conclusions posing as factual allegations. *See Wiles*, 280 F.3d at 870. As such, plaintiff's claims against Sheriff Bullock in his individual capacity must be dismissed.

## C. Defendant Muhurin

Plaintiff's claims against defendant Muhurin must be dismissed. Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.3d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). This immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Id.* Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580

12

(8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

Plaintiff alleges that defendant Muhurin is the prosecuting attorney in St. Francois County. He states that Muhurin, along with defendants Hahn and Unknown Officer, combined to file false police reports and pursue prosecution of him. (Docket No. 1 at 5). He further alleges that prosecutor Muhurin knew that Officer Hahn and Unknown Officer had filed false police reports, but continued to attempt to indict plaintiff via grand jury. However, the grand jury declined to return an indictment.

The basis of plaintiff's claim against Muhurin is that Muhurin is liable for knowingly acting on those false reports by attempting to indict him. Plaintiff does not claim that Muhurin was present at the scene with Officer Hahn and Unknown Officer. He further does not assert that Muhurin played any role in fabricating the purportedly false reports written by Officer Hahn and Unknown Officer. In other words, plaintiff does not contend that Muhurin was acting in an investigatory capacity. To the contrary, plaintiff complains about actions Muhurin took while attempting to initiate a criminal case against him.

Muhurin is entitled to absolute immunity for his alleged role in initiating plaintiff's prosecution because this act was made pursuant to his prosecutorial duties as an advocate for the state. *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government"). This holds true even if Muhurin acted unethically or improperly. *See Sample*, 836 F.3d at 916 ("Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protections of absolute immunity"). This also holds true even if it is alleged that Muhurin acted with malice, vindictiveness, or self-

interest. *See Reasonover*, 447 F.3d at 580. Indeed, Muhurin would be immune from suit even if he knowingly presented false evidence or withheld exculpatory evidence. *See Woodsworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (stating that the Eighth Circuit has "instructed that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence"). To the extent that plaintiff has alleged that Muhurin participated in a conspiracy with Officer Hahn and Unknown Officer, Muhurin is still entitled to immunity because his participation – the initiation of a criminal prosecution – is a protected prosecutorial activity. *See Id.* (stating that a prosecutor is "absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts"). For these reasons, defendant Muhurin is entitled to absolute immunity. Accordingly, plaintiff's claims against him must be dismissed.

## D. Plaintiff's Deliberate Indifference Claims

Plaintiff's claims that defendants Hahn and Unknown Officer violated his Due Process rights when they failed to provide him medical care must be dismissed. The question of whether an arrestee's claim alleging denial of medical care is analyzed under the Due Process Clause or the Fourth Amendment has not been definitively resolved. *See Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016). However, since the alleged violation occurred after his arrest, and because plaintiff brings this claim pursuant to the Due Process Clause, without invoking the Fourth Amendment, the Court will analyze his claim on that basis. *See Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012).

The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth

14

Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). To prove deliberate indifference, the plaintiff must show that the defendant "knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

Whether a government official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong; he or she must show that the official actually knew of but disregarded the plaintiff's serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). In order to meet the objective component of this standard, the complaint must plead facts sufficient to demonstrate that the plaintiff suffered from an objectively serious medical need, meaning one that has been diagnosed by a physician as requiring treatment or that is so obvious even a layperson would recognize the need for a doctor. *See Barton*, 820 F.3d at 964.

Plaintiff's deliberate indifference claims fail because he has not pleaded facts sufficient to demonstrate a serious medical need. While plaintiff alleges that he was beaten by law enforcement officers to the extent that he blacked out, he does not state the nature of his injuries whatsoever. In other words, he has not alleged that he was suffering from a serious medical need. As such, he has not met the objective component of the deliberate indifference standard. Accordingly, plaintiff's deliberate indifference claims against defendants Hahn and Unknown Officer in their individual capacities must be dismissed.

## E. Defendants Hahn and Unknown Officer

15

Plaintiff's individual capacity claims against defendants Hahn and Unknown Officer for excessive force[1] and unlawful arrest under the Fourth Amendment are sufficient for purposes of initial review.

### i. Excessive Force Under the Fourth Amendment

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizure of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

---

[1] Plaintiff also purports to bring a "Substantive Due Process" claim against Officer Hahn and Unknown Officer "for using unnecessary force." The Supreme Court has noted a reluctance to expand the concept of substantive due process. *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016). As such, when "a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Greenman v. Jessen*, 787 F.3d 882, 890 (8th Cir. 2015). Bearing this is in mind, the Court will analyze plaintiff's claims of excessive force solely under the Fourth Amendment, rather than utilizing the concept of substantive due process.

actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

According to plaintiff, law enforcement officers came to his home on November 27, 2017. Plaintiff states that he stepped out back to smoke a cigarette and was walking down the steps when Officer Hahn struck him numerous times with a flashlight. Due to the blows, he hit his head and blacked out. When he "woke up," Officer Hahn and Unknown Officer were standing over him. When he tried to push himself up, they both hit him with their flashlights and stomped on his body. There is no indication that plaintiff threatened the officers, resisted arrest, or attempted to flee. Accepting these allegations as true, plaintiff's claims against Officer Hahn and Unknown Officer are sufficient for purposes of initial review pursuant to § 1915(e)(2)(B). Accordingly, the Clerk of Court will directed to serve process upon defendants Hahn and Unknown Officer[2] in their individual capacities on plaintiff's claims of excessive force.

## ii. Unlawful Arrest Under the Fourth Amendment

"Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). In other words, "a constitutional violation occurs when there is a warrantless arrest that is not supported by probable cause to believe that a

---

[2] Generally, naming fictitious parties as defendants is impermissible. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Id.* Dismissal of the fictitious party is only proper when it appears that the defendant's true identity cannot be ascertained through discovery or the court's intervention. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, the identity of the Unknown Officer appears to be ascertainable. Unknown Officer is one of two officers who was allegedly involved. The other officer, Hahn, has been identified. Plaintiff has also provided the date on which this encounter occurred. As such, he should be able to ascertain the identity of Unknown Officer as the case progresses. At that point, plaintiff will be allowed to amend his pleadings with the officer's actual name.

17

crime has been committed." *Ross*, 897 F.3d at 920. Probable cause exists when the totality of the circumstances at the time a law enforcement officer makes an arrest are sufficient to lead a reasonable person to believe that the defendant is committing or has committed a crime. *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

According to plaintiff, law enforcement officers came to his home after receiving a report that he was beating his girlfriend. He asserts this report, which came from his girlfriend's ex-boyfriend, was not true. He states that law enforcement made no effort to investigate this claim, and that they arrested him without a warrant and without probable cause. Plaintiff asserts that his girlfriend, the purported victim, was present at the time he was arrested, but that law enforcement arrested him without speaking to her. There is no indication within the complaint that law enforcement witnessed plaintiff committing a crime. Accepting these allegations as true, plaintiff's claims against Officer Hahn and Unknown Officer are sufficient for purposes of initial review pursuant to § 1915(e)(2)(B). Accordingly, the Clerk of Court will be directed to serve process upon defendants Hahn and Unknown Officer in their individual capacities on plaintiff's claims of unlawful arrest.

## F. Plaintiff's State Law Claims Against Defendants Hahn and Unknown Officer

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). However, he also seeks damages for state law claims of false arrest, malicious prosecution, assault and battery, civil conspiracy, and intentional infliction of emotional distress. (Docket No. 1 at 3-4). Under 28 U.S.C. § 1367, a district court having original jurisdiction also has

18

"supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Plaintiff's state law claims arise from the same set of operative facts giving rise to his § 1983 cause of action. Furthermore, for purposes of § 1915 review, these facts are sufficient to allege state law claims of false arrest, malicious prosecution, assault and battery, civil conspiracy, and intentional infliction of emotional distress against defendants Hahn and Unknown Officer.

### G. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelly*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

19

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendants Officer Hahn and Unknown Officer in their individual capacities as to plaintiff's claims of excessive force and unlawful arrest under the Fourth Amendment, as well as plaintiff's state law claims of false arrest, malicious prosecution, assault and battery, civil conspiracy, and intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants St. Francois County, Sheriff Bullock, and Jared Muhurin are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Officer Hahn and Unknown Officer in their official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's deliberate indifference to medical needs claims against defendants Officer Hahn and Unknown Officer in their individual capacities are **DISMISSED** without prejudice.

20

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be entered herewith. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 24th day of October, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE