UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA W. SEYFARTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-00805 SRC |
| | ) | |
| OFFICER HAHN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.    BACKGROUND**

This case arises from the arrest of Plaintiff Joshua Seyfarth on November 27, 2017.

Seyfarth alleges Defendant Hahn, an officer in St. Francois County, Missouri, beat Seyfarth with

his flashlight and then arrested him for resisting arrest.  Doc. 1.  Seyfarth asserted claims for

excessive force and false arrest in violation of the Fourth Amendment, violations of his

substantive due process rights under the Fourteenth Amendment, violation of his right to due

process under the Fourteenth Amendment by failing to provide medical care for his injuries, and

state law claims for assault and battery, false arrest, malicious prosecution, civil conspiracy, and

intentional infliction of emotional distress against Defendants Hahn, Unknown Officer, Jared

Muhurin, Unknown Bullock, all in their individual and official capacities, and St. Francois

County.

The Court dismissed the claims against St. Francois County, Sheriff Bullock, and Jared

Muhurin in their entirety, the claims against Hahn and Unknown Officer in their official

capacities, and the claim against Hahn and Unknown Officer for deliberate indifference to

Seyfarth's medical needs in their individual capacities.  Doc. 5.  The case is now before the

Court on Defendant Hahn's Motion for Summary Judgment [21].  The Court grants the Motion, in part, and denies the Motion as to Seyfarth's claims for excessive force, assault, and battery.

## II.      UNCONTROVERTED MATERIAL FACTS

Hahn, in accordance with the Court's Local Rules, has submitted a Statement of Uncontroverted Material Facts.  Seyfarth initially failed to respond to Hahn's Motion or Statement of Uncontroverted Material Facts.  The Court issued a show cause order requiring Seyfarth to show cause as to why the Court should not grant Hahn's Motion.  Seyfarth filed a letter to the Court, but did not respond to Hahn's facts in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides the procedures for supporting factual positions:

(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Relatedly, Rule 4.01(E) of this Court's Local Rules provides:

(E) Every memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts…. Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts…. The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. *All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for*

> *purposes of summary judgment unless specifically controverted by the opposing party.*

E.D.Mo. L.R. 4.01(E) (emphasis added).

Seyfarth failed to follow these rules. *Pro se* litigants are not excused from complying with substantive and procedural law, including the Court's Local Rules. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017). Although Seyfarth failed to properly respond to Hahn's statement of material facts, the Court does not automatically grant summary judgment for Hahn. Instead, the Court deems the facts set forth by Hahn admitted pursuant to Local Rule 401(E). *Reasonover v. St. Louis Cty.*, *Mo.*, 447 F.3d 569, 579 (8th Cir. 2006). Hahn must still establish that he is entitled to judgment as a matter of law. *Id.*

The undisputed facts, as set forth in Hahn's statement of facts, are:

In November 2017, dispatch alerted Hahn and a co-worker, Deputy Matt Rion, that a female with an active felony arrest warrant was at a house in Goose Creek, Missouri. Dispatch also notified Hahn that Seyfarth, who had four active felony arrest warrants for probation violations in St. Francois County and who law enforcement wanted to question about a burglary, resided at the address. Hahn and Rion went to the address to locate the female and Seyfarth. Hahn contacted Seyfarth's mother who confirmed that Seyfarth and an unknown female were inside a camper on her property.

While Hahn knocked on the door, Rion looked through a window of the camper and saw Seyfarth and a female laying down inside the camper. Seyfarth eventually exited the camper and Rion told Seyfarth to walk towards Hahn. Seyfarth knew he had pending warrants for his arrest from his probation violations and believed them to be the reason Hahn and Rion came to the property. Seyfarth walked past Hahn, and when it became apparent to Hahn that Seyfarth was

attempting to flee, he tried to physically restrain Seyfarth.  Hahn and Seyfarth struggled and fell on the gravel driveway.  Hahn used force to gain control over Seyfarth and effectuate the arrest.

During this time, Rion secured the female and arrested her pursuant to her pending warrant.  Hahn and Rion transported Seyfarth and the female to the St. Francois County Jail for booking.  Hahn completed a report of the incident and wrote a probable cause statement for Resisting Arrest for a Felony against Seyfarth.  In January 2018, a judge issued a warrant for Seyfarth's arrest pursuant to the new charge.  The Prosecuting Attorney dismissed the charge via a memorandum of *nolle prosequi* a couple of weeks later.  Seyfarth ultimately pled guilty to the probation violation charges that were the subject of his original arrest warrants.

## II.    STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  Self-serving,

conclusory statements without support are insufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

In his Complaint, Seyfarth alleges he left his camper to smoke a cigarette and as he exited the camper, Hahn waited for him and hit him numerous times with his flashlight, causing his head to hit the camper. He alleges he blacked out and when he woke up, two officers stood over him, one with a knee on his back. At this point, according to Seyfarth, Hahn attempted to break his right arm, the officers started beating him with their flashlights, and they stomped all over his body. Rather than take him to the hospital, Seyfarth alleges Hahn took him to the St. Francois County Jail and charged him with resisting arrest.

Hahn asserts he is entitled to qualified immunity on Seyfarth's claim of excessive force and he is entitled to summary judgment on Seyfarth's unlawful arrest claim because Hahn lawfully arrested Seyfarth pursuant to four active warrants for Seyfarth's arrest for probation violations. Hahn also argues he is entitled to summary judgment on Seyfarth's state law claims for false arrest, malicious prosecution, assault and battery, civil conspiracy, and intentional infliction of emotional distress.

### A.   Excessive Force

Hahn asserts he is entitled to qualified immunity on Seyfarth's excessive force claim. "The doctrine of qualified immunity protects government officials 'from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity "is an *immunity from suit* rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).  "To prevail against a claim of qualified immunity, a plaintiff must show (1) that the facts alleged or shown by the plaintiff make out a constitutional violation, and (2) that the constitutional right allegedly violated was 'clearly established.'"  *Swearingen v. Judd*, 930 F.3d 983, 987 (8th Cir. 2019) (quoting *Pearson*, 555 U.S. at 232).

"The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment's prohibition against unreasonable searches and seizures."  *Coker v. Ark. State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 499 (8th Cir. 2009)).  Because the constitutional right is clearly established in this case, the focus then is on whether Hahn violated the Constitution – did he use excessive force against Seyfarth.  The Court analyzes excessive force claims "in the context of seizures under the Fourth Amendment, applying its reasonableness standard."  *Brown*, 574 F.3d at 496.  The Supreme Court's "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Here, there is no question Hahn's arrest of Seyfarth was justified.  Seyfarth had multiple outstanding warrants for his arrest.  The question then is "whether the amount of force used was objectively reasonable under the particular circumstances."  *Brown*, 574 F.3d at 496 (8th Cir. 2009) (quoting *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006)).

The Court evaluates Hahn's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Brown*, 574 F.3d at 496 (quoting *Graham*, 490 U.S. at 396). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97. The reasonableness of an officer's use of force when stopping or arresting a suspect depends on factors including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *see also Rohrbough v. Hall*, 586 F.3d 582, 587 (8th Cir. 2009).

Based on the facts currently before it, the Court cannot determine if Hahn's use of force was reasonable. The Court does not know what amount of force Hahn used against Seyfarth. In his Statement of Material Facts, Hahn simply states he "used only such force as necessary to gain control over Plaintiff and effectuate his arrest." Doc. 22-1, ¶ 10. Hahn does not say what force he used against Seyfarth to restrain him but instead essentially asks the Court to accept his own conclusion. In his response to the Court's order to show cause, Seyfarth claims Hahn struck him in the face causing him to lose some sight in his left eye and in his Complaint, Seyfarth alleges Hahn struck Seyfarth with his flashlight.[1] Docs. 1, 24. Hahn's Statement of Material Fact makes no mention of whether or not he struck Seyfarth with his flashlight. The Eighth Circuit

---

[1] The Court considers Seyfarth's to the extent it responds to Hahn's statement of facts. *See Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("to the extent [plaintiff] did respond to [defendant]'s statement of facts in her motion in opposition, the district court expressly considered [plaintiff]'s responses").

has previously found that whether use of a flashlight as a weapon is reasonable to effectuate an arrest is a question of fact for a jury to decide.  *Coker*, 734 F.3d at 842 (citing *Kelly v. Bender*, 23 F.3d 1328, 1331 (8th Cir. 1994), *abrogated on other grounds by Johnson v. Jones*, 515 U.S. 304 (1995).

Further, the facts suggest but do not establish if Seyfarth actively resisted arrest or attempted to evade arrest by flight.  The statement of material facts says Seyfarth walked past Hahn, which Hahn believed was an attempt to flee.  Hahn then proceeded to attempt to physically restrain Seyfarth and a struggle ensued.  These statements raise more questions than they answer.  The Court simply does not have enough facts to determine if Hahn's use of force was objectively reasonable; thus, Hahn has not established he is entitled to summary judgment as a matter of law.  *Reasonover*, 447 F.3d at 579.   The Court denies Hahn's Motion for Summary Judgment on this claim.

### B.      Unlawful Arrest

Hahn argues he is entitled to summary judgment on Seyfarth's claim for unlawful arrest. The Court agrees.  "Officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they had probable cause to do so, provided that the mistake is objectively reasonable."  *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013) (quoting *Copeland v. Locke*, 613 F.3d 875, 880 (8th Cir. 2010)).  "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense."  *Id*. (quoting *Copeland*, 613 F.3d at 879).  There is no question Hahn had probable cause to arrest Seyfarth who had four active warrants for arrest on felony charges of probation violations.  Thus, Hahn is entitled to summary judgment on this claim.  The Court dismisses the claim with prejudice.

### C.     False Arrest

Under Missouri law, to establish a claim for false arrest, a plaintiff must show he was restrained against his will and the unlawfulness of the restraint.  *Blue v. Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 472 (Mo. Ct. App. 2005).  As the Court already stated, Seyfarth had four active warrants for his arrest.  Thus, Hahn's restraint of Seyfarth pursuant to the active warrants was lawful.  The Court grants summary judgment to Hahn on this claim and dismisses the claim with prejudice.

### D.     Malicious Prosecution

To state a claim for malicious prosecution in Missouri, a plaintiff must show the defendant, with malice, instigated or continued an earlier lawsuit against the plaintiff without probable cause for the filing of the lawsuit, the lawsuit ended in the plaintiff's favor, and damage to the plaintiff resulted.  *State ex rel. O'Basuyi v. Vincent*, 434 S.W.3d 517, 519 (Mo. 2014); *King v. Ryals*, 981 S.W.2d 151, 154 (Mo. Ct. App. 1998) ("Among the elements of a cause of action of malicious prosecution is that the defendant initiated (or continued) the prosecution without probable cause.").  "For purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice*; or (3) the action is abandoned."  *Doyle v. Crane*, 200 S.W.3d 581, 589 (Mo. Ct. App. 2006) (emphasis in original).  If a prosecutor enters a *nolle prosequi* in a criminal prosecution, the plaintiff must show an "accompanying intent by the prosecutor to finally abandon the prosecution" to establish termination of the criminal case for the purposes of malicious prosecution.  *Id*. at 590.  The prosecutor in Seyfarth's resisting arrest case entered a *nolle prosequi* and no facts suggest that the prosecutor intended to finally abandon the prosecution.  Thus, Seyfarth cannot establish his criminal case ended in his favor and cannot

9

establish a claim for malicious prosecution.  The Court grants summary judgment to Hahn on this claim and dismisses this claim with prejudice.

### E.      Assault and Battery

Hahn asserts he is protected by the official immunity doctrine for Seyfarth's claims of assault and battery.  Official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts."  *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008).  It does not apply to intentional torts.  *Elias v. Davis*, 535 S.W.3d 737, 745 n.4 (Mo. Ct. App. 2017) (citing *Southers*, 263 S.W.3d at 610).  Assault and battery are intentional torts.  *Id*. at 745.  Thus, the doctrine of official immunity cannot apply to these claims.  The Court denies Hahn's Motion for Summary Judgment on these claims.

### F.      Civil Conspiracy

In Missouri, to establish a claim for civil conspiracy, a plaintiff must establish: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured." *Phelps v. Bross*, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002) (citing *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. 1999)).  Hahn argues no evidence exists of an agreement between Hahn and another officer to assault Seyfarth and write a false police report to charge him with resisting arrest.  The Court agrees.  The allegations in the Complaint are conclusory, Seyfarth's response to the Court's show cause order includes no facts suggesting an agreement, and Seyfarth himself admitted in his deposition he had no facts to support this claim.  Doc. 22-2, pg. 13; Depo. Trans. 48:19-23.  The Court grants summary judgment to Hahn on this claim and dismisses the claim with prejudice.

### G.      Intentional Infliction of Emotional Distress

In Missouri, to establish a claim of intentional infliction of emotional distress, a plaintiff must show: "(1) the defendant acted intentionally or reckless; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm." *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 321 (Mo. Ct. App. 2010) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997)).  "The conduct must have been so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community." *Id*.  The conduct must also "have been intended *only* to cause extreme emotional distress to the victim." *Id*. at 322 (emphasis added).  "When a defendant's conduct is . . . intended to cause bodily harm and damages for mental suffering are recoverable for those other intentional tort claims, the recovery for emotional distress, as an independent tort, is duplicative." *Id*.  Seyfarth asserts claims for assault and battery; thus, his claim for intentional infliction of emotional distress is duplicative of those claims.  *Id*. (affirming dismissal of intentional infliction of emotional distress claim as duplicative to defamation claim).  The Court dismisses this claim, with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hahn's Motion for Summary Judgment [21] is **GRANTED**, in part, and **DENIED**, in part.  The Court dismisses Plaintiff Seyfarth's claims for unlawful arrest under 42 U.S.C. § 1983, false arrest, malicious prosecution, civil conspiracy, and intentional infliction of emotional distress.  The Court will enter a separate order setting a trial date with instructions for pretrial compliance and appointing Seyfarth counsel.

So Ordered this 2nd day of July, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**